IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLIANCE NATIONAL LIMITED PARTNERSHIP d/b/a DEMILTA IRON & METAL, <br> 3950 Ben Hur Avenue, <br> Willoughby, Ohio 44094 <br><br> FRANCIS DEMILTA, and <br> 8725 Sanctuary Drive <br> Mentor, Ohio 44060 <br><br> RONALD VAUGHN, <br> 8335 Eagle Ridge Drive <br> Concord, Ohio 44077 <br><br> Plaintiffs, <br><br> vs. <br><br> JACK WEINGOLD, <br> 17250 Parkland Drive <br> Shaker Heights, Ohio 44120 <br><br> LOREN J. MARGOLIS, and <br> 90 West Juniper Lane <br> Moreland Hills, Ohio 44022 <br><br> MARK WEINGOLD <br> 190 East Orange Hill Circle <br> Chagrin Falls, Ohio 44022 <br><br> Defendants. | CASE NO. <br> 1:09 CV 2933 <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL <br><br> JUDGE O'MALLEY <br><br> MAG. JUDGE VECCHIARELLI |

## COMPLAINT

Plaintiffs Alliance National Limited Partnership d/b/a DeMilta Iron & Metal, Francis DeMilta and Ronald Vaughn (hereinafter referred to as Plaintiffs), bring this action against the named defendants for damages, attorneys fees and costs under the antitrust laws of the United States and under the laws of the State of Ohio. Plaintiffs bring this action based on information

and belief and investigation of counsel, personal knowledge, sworn testimony, and allege as follows:

## NATURE OF THE ACTION

### ANTITRUST CLAIM

1. In this action, Plaintiff Alliance National Limited Partnership d/b/a DeMilta Iron & Metal is alleging that from a date unknown but beginning at least in or about December 1993 and continuing to December 2006, Defendants engaged in a continuing scheme to suppress and restrain competition through the willful acquisition and maintenance of an unlawful monopsony of the market for the purchase of scrap metal in Northeast Ohio.

2. Such monopsony was acquired and maintained through the anticompetitive and unlawful conduct described below.

3. Defendants' conduct has had the anticompetitive effect of significantly suppressing and restraining competition on a basis other than on the merits, thereby allowing Defendants to illegally perpetrate a monopsony in the scrap metal purchase market in Northeast Ohio.

4. Defendants' unlawful monopsony injured Alliance National Limited Partnership d/b/a DeMilta Iron & Metal in its business and property in the form of lost income and profits, as the monopsony caused it to lose business and significantly impaired its ability to compete for and acquire scrap metal in the relevant market.

### MALICIOUS PROSECUTION CLAIM

5. In this action, Plaintiffs Alliance National Limited Partnership d/b/a DeMilta Iron & Metal, Francis DeMilta and Ronald Vaughn allege that the named Defendants conspired to and did maliciously institute and continue federal criminal proceedings against the Plaintiffs,

causing injury and damages to Plaintiffs.

## JURISDICTION AND VENUE

6. Plaintiff Alliance National Limited Partnership d/b/a DeMilta Iron & Metal brings this action against all named Defendants under Section 4 of the Clayton Act, 15 U.S.C. §15, for treble damages, as well as pre- and post-judgment interest and reasonable attorneys' fees and costs, with respect to the injuries it sustained arising from violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, as alleged herein. Plaintiffs Alliance National Limited Partnership d/b/a DeMilta Iron & Metal, Francis DeMilta and Ronald Vaughn also bring this action against all named Defendants under the laws of the State of Ohio for injuries sustained by each Plaintiff arising from Defendants' civil conspiracy and malicious prosecution of Plaintiffs, as alleged herein.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1337(a), 1367(a) and 15 U.S.C. §15(a).

8. Venue is proper in this judicial district pursuant to 15 U.S.C. §15 and 28 U.S.C. §§1391(b) in that Defendants reside in this district and/or are found in this district and/or a substantial part of the events giving rise to the claims alleged herein have occurred in this district and this Court has jurisdiction over the parties involved.

## THE PARTIES

9. Plaintiff Francis DeMilta is a resident of Mentor, Ohio. He is president of Alliance National Limited Partnership d/b/a DeMilta Iron & Metal and, together with Plaintiff Ronald Vaughn, owns all of its stock.

10. Plaintiff Ronald Vaughn is a resident of Concord, Ohio. He is vice-president of Alliance National Limited Partnership d/b/a DeMilta Iron & Metal and, together with Francis

DeMilta, owns all of its stock.

11. Plaintiff Alliance National Limited Partnership is an Ohio limited partnership which does business as DeMilta Iron & Metal. Its principal place of business is located at 3950 Ben Hur Avenue, Willoughby, Ohio. For purposes of clarity, it will hereinafter be referred to as DeMilta Iron & Metal. During all times relevant hereto, DeMilta Iron & Metal has been and is currently engaged in the purchase, brokering and sale of scrap metal.

12. Defendant Jack Weingold is a resident of Shaker Heights, Ohio. He was the Chief Executive Officer of M. Weingold Company and owned 100% of its stock. During all times relevant hereto, M. Weingold & Company was engaged in the purchase, brokering and sale of scrap metal. In or about December 2006, Jack Weingold sold his entire interest in M. Weingold Company to Ferrous Processing & Trading Company, a Michigan Corporation, which is engaged in the purchase, brokering and sale of scrap metal.

13. Jack Weingold was also the sole owner of Harry Rock & Associates. He acquired this company in or about December 1993. At all times relevant hereto, Harry Rock & Associates was engaged in the business of purchasing, brokering and selling of scrap metal.

14. Defendant Loren Margolis is a resident of Moreland Hills, Ohio. Mr. Margolis is Jack Weingold's son-in-law and at all times relevant hereto was employed by M. Weingold Company as a scrap metal buyer. In this position, Mr. Margolis solicited industrial scrap metal suppliers and negotiated agreements with scrap metal suppliers for the purchase of their scrap metal. Mr. Margolis also performed these duties on behalf of Harry Rock & Associates.

15. Defendant Mark Weingold is a resident of Chagrin Falls, Ohio. Mr. Weingold is Jack Weingold's son and at all times relevant hereto was employed by M. Weingold Company acting mainly as a scrap metal seller. In this position, Mr. Weingold negotiated agreements for

4

the sale of scrap metal to foundries, mills and brokers.

## FACTUAL BACKGROUND

16. Ferrous and nonferrous scrap metal can be produced a variety of ways. A common way that it is produced is as a by-product during the manufacture of products containing metal components. This scrap metal has value. Scrap metal dealers purchase scrap metal from industrial manufacturers and other companies and resell the material to mills and foundries, which use it to manufacture new metal products.

17. Defendants operated several businesses that purchased scrap metal from industrial manufacturers and other customers and resold it to mills, foundries, and other buyers in Ohio and other states. For industrial customers, scrap metal dealers generally bid on contracts to purchase scrap metal for a given period of time at a specified variance to the pricing for scrap set forth in publications such as Iron Age Magazine. If awarded the contract, scrap metal dealers generally leave collection boxes at the manufacturer's site. The scrap metal is deposited in the collection boxes, picked up, weighed, processed and then resold by scrap dealers to mills and foundries.

18. At all times relevant hereto, Defendants purchased and resold industrial scrap in or affecting interstate commerce, in that they purchased scrap metal from companies engaged in the sale of goods in interstate and foreign commerce and/or purchased industrial scrap from manufacturers and resold it in interstate commerce.

19. In or about March 2000, the Antitrust Division of the United States Department of Justice initiated a criminal investigation of the scrap metal industry of Northeast Ohio. During the course of this investigation, several local businesses and individuals engaged in the purchase, sale and brokering of scrap metal in Northeast Ohio were convicted of antitrust offenses.

20. During the period of the Antitrust Division's investigation, namely on or about

5

May 3, 2002, a class action antitrust lawsuit was filed in the United States District Court for the Northern District of Ohio by a local scrap metal supplier (hereinafter referred to as the "civil action"). Several scrap metal dealers were named as defendants in the civil action, including Defendant Jack Weingold, M. Weingold Company and Harry Rock & Associates. DeMilta Iron & Metal was also later named as a defendant in this action. Loren Margolis, Mark Weingold, Francis DeMilta and Ronald Vaughn were not named as defendants in the civil action. Parties named as defendants in the civil action were excluded from the class. After a jury trial, DeMilta Iron & Metal was found not liable for any of allegations of the class plaintiffs. Jack Weingold and his companies were dismissed as defendants prior to trial in this action when a settlement was reached between the parties with Jack Weingold and his companies paying $10.3 million.

21. On January 15, 2004, in the United States District Court for the Northern District of Ohio, Jack Weingold, Loren Margolis, M. Weingold Company and Harry Rock & Associates were each charged with two counts of conspiring to restrain trade in violation of Section One of the Sherman Antitrust Act (15 U.S.C. § 1) for allocating scrap metal suppliers and rigging bids for the purchase of scrap metal in Northeast Ohio. Harry Rock & Associates was also charged with one count of Wire Fraud in violation of 18. U.S.C. § 1343 for submitting collusive, rigged and noncompetitive bids and price quotations to a scrap metal supplier for the purchase of scrap metal.

22. On March 1, 2005, Jack Weingold, Loren Margolis, M. Weingold Company and Harry Rock & Associates entered into plea agreements with the Government and each pleaded guilty to two counts of violations of Section One of the Sherman Antitrust Act (15 U.S.C. § 1). Harry Rock & Associates additionally pleaded guilty to one count of Wire Fraud in violation of 18. U.S.C. § 1343.

23. The plea agreements were contingent on Jack Weingold and Loren Margolis assisting the Government in its antitrust investigation of area scrap metal dealers. In return for their assistance, Jack Weingold and Loren Margolis were both fined $700,000. Jack Weingold's closely held companies were fined $5.3 million each. Jack Weingold received a thirteen month prison sentence, but was released after eleven months. Loren Margolis received a sentence of five months home confinement and five months in prison. M. Weingold & Company and Harry Rock & Associates continued to operate during and after Jack Weingold and Loren Margolis served their prison sentences.

24. Without the benefit of a plea agreement, Jack Weingold and Loren Margolis were facing a maximum of three years in prison on each count. The plea agreements also granted the Defendants immunity from prosecution for any other attempted or completed antitrust offenses before the date of the agreements. Moreover, pursuant to Jack Weingold's plea agreement, Mr. Weingold's daughter, his former wife, and his son, Mark Weingold, were immunized from criminal prosecution based on any statements made by Jack Weingold, Loren Margolis or their attorneys during any proffers or debriefings with the Government made prior to the date of sentencing.

25. So as to ensure that they received all the benefits of these plea agreements, Jack Weingold, Loren Margolis and Mark Weingold maliciously and knowingly provided false information to F.B.I. agents and Government prosecutors that they had participated in an antitrust conspiracy with DeMilta Iron & Metal and its principals, Francis DeMilta and Ronald Vaughn, to allocate customers and rig bids.

26. As a result of Defendants' false claims, the United States Department of Justice Antitrust Division filed criminal antitrust charges against Francis DeMilta and DeMilta Iron &

Metal and charges of False Statements before a Grand Jury and Obstruction of Justice against Ronald Vaughn in February 2008 in the United States District Court for the Northern District of Ohio.

27. On June 25, 2009, after a three week jury trial in which Jack Weingold, Mark Weingold and Loren Margolis testified on behalf of the Government, DeMilta Iron & Metal, Francis DeMilta and Ronald Vaughn were acquitted of all charges.

## ANTITRUST OFFENSE

## TRADE AND COMMERCE

28. Defendants were engaged in the business of purchasing, selling and brokering of scrap metal.

29. The purchase, sale and brokering of scrap metal is a multi-million dollar per year industry. The antitrust violation as alleged herein has affected millions of dollars of interstate commerce.

30. The anticompetitive conduct of Defendants has taken place in and affected interstate and foreign trade and commerce in the United States.

31. The conduct of Defendants has directly, substantially and foreseeably restrained such trade and commerce. The scrap metal purchased by Defendants was sold in interstate commerce. Defendants have inflicted antitrust injury on Plaintiff, who is also engaged in interstate commerce.

## RELEVANT MARKET

32. The relevant product market is the purchase of unprocessed industrial scrap metal.

33. The relevant geographic market is Northeast Ohio.

34. Defendants acquired and maintained an unlawful monopsony in the relevant

market. Jack Weingold, through his companies, controlled substantially more than 50% of the relevant market.

## ANTICOMPETITIVE CONDUCT AND ITS EFFECTS

35. From a date unknown, but on information and belief, beginning December 1993 and continuing to in or about December 2006, Defendants willfully acquired and maintained an unlawful monopsony of the scrap metal purchasing market in Northeast Ohio. In willfully acquiring and maintaining the monopsony, Defendants engaged in the following anticompetitive conduct:

(a) Defendants entered into unlawful agreements with other competitor scrap dealers to allocate scrap metal suppliers and refrained from soliciting and taking each other's scrap metal suppliers with the purpose and effect of giving participants to these agreements an unfair competitive advantage over non-participants in the relevant market;

(b) Defendants engaged in bid rigging with other competitor scrap dealers and Defendants used their own companies to rig bids for the purchase of scrap metal from suppliers with the purpose and effect of foreclosing competitor scrap dealers from a fair opportunity to compete for the purchase of scrap metal in the relevant market;

(c) Defendant Jack Weingold acquired competitor scrap metal companies, concealing his ownership of these companies and permitting them to be advertised as wholly independent companies. Defendant Loren Margolis perpetuated this fraud through conduct in which he affirmatively represented that the companies were competitors of M. Weingold Co. Such conduct by Defendants had the purpose and effect to mislead scrap metal suppliers and to gain an unfair competitive advantage over competitors;

(d) Defendants created false companies and created and used and/or permitted the use

of false identities to bid for and enter into agreements for the purchase of scrap from scrap metal suppliers with the purpose and effect of deceiving scrap metal suppliers as to the true ownership of these companies and the true identities of salesmen representing them and to obtain an unfair competitive advantage over competitors;

(e) Defendants knowingly underpaid scrap metal suppliers for scrap purchased from them by falsifying documents reflecting the weight of purchased scrap metal or not paying in accordance with existing agreements and concealed this fact from suppliers with the purpose and effect of gaining an unfair competitive advantage over competitors;

(f) Defendants offered and/or paid scrap metal suppliers unreasonably high prices for their scrap metal at a loss with the purpose and effect of deterring other scrap metal dealers from competing for the business of these scrap metal suppliers; and

(g) Defendants knowingly made false statements to Government officials that Plaintiff DeMilta Iron & Metal and its principals, Frank DeMilta and Ronald Vaughn, had engaged in an antitrust conspiracy, in part, with the purpose and effect of gaining an unfair competitive advantage over Plaintiff DeMilta Iron & Metal.

## DAMAGES

36. During the relevant period, DeMilta Iron & Metal was a competitor of M. Weingold Company and Harry Rock & Associates in the relevant market. As a result of Defendants' unlawful and anticompetitive conduct, Defendants willfully acquired and maintained a monopsony of the relevant market. DeMilta Iron & Metal has, as a consequence, sustained substantial injury to its business and property in the form of lost income and profits as the unlawful monopsony caused DeMilta Iron & Metal to lose business and significantly impaired it ability to compete for and acquire scrap metal from suppliers in the relevant market.

The full amount and form and components of such damages will be calculated after discovery and upon proof at trial.

## COUNT I (15 U.S.C. §§ 2, 15 (a))

37. Plaintiffs repeat and restate paragraphs one through thirty-six of the Complaint as if fully rewritten herein.

38. From a date unknown, but beginning at least from December 1993 and continuing to December 2006, Defendants willfully acquired and maintained a monopsony of the scrap metal purchase market through the employment of the above-described anticompetitive and illegal conduct in violation of Section 2 of the Sherman Act, 15 U.S.C. §2.

39. As a direct and proximate result of Defendants' unlawful monopsony of the scrap metal purchase market in Northeast Ohio, competition has been suppressed and restrained and DeMilta Iron & Metal has been damaged in its property and business in the form of lost income and profits in that it has lost business and its ability to compete for and acquire scrap metal from suppliers in the relevant market has been significantly impaired.

## MALICIOUS PROSECUTION AND CIVIL CONSPIRACY CLAIMS

### COUNT II
### (MALICIOUS PROSECUTION)

40. Plaintiffs repeat and restate paragraphs one through thirty-nine of the Complaint as if fully rewritten herein.

41. Defendants Jack Weingold, Loren Margolis and Mark Weingold maliciously instituted and/or continued a federal criminal prosecution of Plaintiffs DeMilta Iron & Metal, Francis DeMilta and Ronald Vaughn by knowingly providing false information to F.B.I agents and Antitrust prosecutors and testifying during the Plaintiffs' trial that they had engaged in an antitrust conspiracy with Plaintiffs.

42. Such prosecution was without probable cause because the Defendants' statements to Government officials and during trial that they had engaged in an antitrust conspiracy with Plaintiffs were false and the grand jury's decision to indict the Plaintiffs was inappropriately influenced by the false accusations of the Defendants.

43. Such prosecution terminated in the favor of the Plaintiffs when a jury verdict was returned acquitting them of all criminal charges on June 25, 2009.

44. Defendants' malicious institution and/or continuation of the prosecution of Plaintiffs has injured Plaintiffs.

## COUNT III
## (CIVIL CONSPIRACY)

45. Plaintiffs repeat and restate paragraphs one through forty-four of the Complaint as if fully rewritten herein.

46. Defendants Jack Weingold, Loren Margolis and Mark Weingold participated in a malicious combination to maliciously institute and/or continue the criminal prosecution of Plaintiffs DeMilta Iron & Metal, Francis DeMilta and Ronald Vaughn.

47. Defendants' malicious combination has injured Plaintiffs.

## PRAYER FOR RELIEF

48. With respect to the Antitrust claim against the Defendants, Plaintiff Alliance National Limited Partnership d/b/a DeMilta Iron & Metal demands judgment against Defendants Jack Weingold, Loren Margolis and Mark Weingold, including treble damages, interest, court costs, and reasonable attorney fees; and any other relief that this Honorable Court deems to be just and equitable.

49. With respect to their Malicious Prosecution and Civil Conspiracy claims against Defendants, Plaintiffs Alliance National Limited Partnership d/b/a DeMilta Iron & Metal,

Francis DeMilta and Ronald Vaughn demand judgment against Defendants Jack Weingold, Loren Margolis and Mark Weingold including compensatory damages, punitive damages, interest, court costs and reasonable attorneys fees; and any other relief this Honorable Court deems just and equitable.

          Respectfully submitted,

*/s/ Roger M. Synenberg*
ROGER M. SYNENBERG (0032517)
DOMINIC J. COLETTA (0078082)
CLARE C. CHRISTIE (0081134)
Synenberg & Associates, LLC
55 Public Square, Suite 1200
Cleveland, Ohio 44113
(216) 622-2727
(216) 622-2707 FAX
lawoffice@synenberg.com

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues contained in their Complaint.

DATED: 12/18/09

_____
ROGER M. SYNENBERG